1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PHILIP WESLEY HODGE,                    No.  2:20-cv-1531 CKD P

12                  Plaintiff,

13          v.                                ORDER

14    PLACER COUNTY, et al.,

15                  Defendants.

16

17          Plaintiff is appearing pro se and in this civil rights action pursuant to 42 U.S.C. § 1983.

18    This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

19    636(b)(1)(B) and Local Rule 302.

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                              1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's complaint (ECF No. 1) is before the court for screening.

The court finds that this case may proceed against defendant Persinger on a claim arising under the Eighth Amendment for excessive force. With respect to the other defendants identified in plaintiff's complaint, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claim described above; or 2) make an attempt to cure the deficiencies in his complaint with respect to the other defendants and claims in an amended complaint.

If plaintiff decides to file an amended complaint, plaintiff should consider that in order to state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff complains about medical care. Plaintiff is informed that denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a jail official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

Also, plaintiff is informed that municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by

/////

2

1    its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

2    inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

3          Finally, plaintiff is informed that if he elects to amend, the court cannot refer to a prior

4    pleading in order to make the amended complaint complete.  Local Rule 220 requires that an

5    amended complaint be complete in itself without reference to any prior pleading. This is because,

6    as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay,

7    375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8    complaint no longer serves any function in the case.  Therefore, in an amended complaint, each

9    claim and the involvement of each defendant must be sufficiently alleged.

10         In accordance with the above, IT IS HEREBY ORDERED that:

11         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.  All

12   fees shall be collected and paid in accordance with this court's order to the Placer County Sheriff

13   filed concurrently herewith.

14         2.  Plaintiff is granted 21 days within which to complete and return the attached form

15   notifying the court whether he wants to 1) proceed immediately on a claim arising under the

16   Eighth Amendment against defendant Persinger, or 2) whether he wishes to file an amended

17   complaint in an attempt to cure the deficiencies in his original complaint.  If plaintiff does not

18   return the form, this action will proceed on the claim described above.

19   Dated:  October 19, 2020

20                               _____

21                           CAROLYN K. DELANEY
                             UNITED STATES MAGISTRATE JUDGE

22

23

24   1
     hodg1531.op

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

| PHILIP WESLEY HODGE, | No.  2:20-cv-1531 CKD P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| PLACER COUNTY, et al., | HOW TO PROCEED |
| Defendants. | |

**Check one**:

_____ Plaintiff wants to proceed immediately on a claim arising under the Eighth Amendment

against defendant Persinger.

_____ Plaintiff wants time to file an amended complaint.

DATED:

20

21

22

23

24

25                                                        _____

26                                                              Plaintiff

27

28

4